MATTHEW WHITE, Appellant, *against* Joseph KUNTZ *et al.*, Respondents.

(Decided June 25th, 1885).

By a composition agreement, several creditors, of whom plaintiff was one, agreed to take in satisfaction of their debts notes of the debtors, indorsed by a person named in the agreement, for one third of the amount due to

them respectively. Plaintiff was induced to enter into the composition by a secret agreement by the indorser of the notes to purchase from plaintiff the notes received by him under the composition for a larger amount than their face. Plaintiff afterwards discovered that the indorser had made similar agreements with other creditors to induce them to sign the composition agreement; but, without attempting to rescind the agreement with the indorser, he waited until one of the composition notes fell due, and then tendered it to the indorser and demanded the price which the latter had agreed to pay; but the indorser then refused to buy the composition notes from plaintiff, on the ground that his covenant to do so was in violation of law. *Held*, that the right of plaintiff to recover upon the original notes was lost when he accepted the composition notes and signed the composition agreement; that his right to recover on the composition notes was lost by his entering into the secret agreement with the indorser; that no action could be maintained by him upon that secret agreement; and that an action by him, seeking to disavow the composition and the unlawful agreement with the indorser, and to recover upon the original notes, could not be maintained, the plaintiff not having, before the action, offered to give up the composition notes or the secret agreement; but having waited until the time for the performance of the unlawful contract had arrived, and then attempted to carry it into execution.

APPEAL from an interlocutory judgment of this court sustaining a demurrer to a complaint.

The action was brought by plaintiff on his own behalf and on behalf of other creditors of Joseph Kuntz and Louis F. Kuntz, who had been co-partners in business under the firm name of J. & L. F. Kuntz, and who had entered into a composition agreement with their creditors, including plaintiff, whereby they agreed to pay to each creditor in full satisfaction of his debt one third of the amount due to him, in their notes, to be indorsed by their father, Michael Kuntz. The complaint contained various allegations of fraud on the part of the debtors and of Michael Kuntz, the indorser of the composition notes, by which plaintiff and other creditors were induced to sign the composition agreement; and asked that it should be set aside as fraudulent and void, and decreed to be delivered up for cancellation, and for other relief.

The debtors and Michael Kuntz were made defendants; and they all demurred to the complaint on the grounds that

the complaint did not state facts sufficient to constitute a cause of action, and that causes of action were improperly joined. Upon trial of the issue of law, the demurrer was sustained, but with leave to the plaintiff to amend the complaint. From the interlocutory judgment sustaining the demurrer, plaintiff appealed to the General Term, by which the judgment was affirmed.

Thereupon plaintiff served an amended complaint, which contained allegations of facts tending to show indebtedness of the defendants Joseph and Louis F. Kuntz to plaintiff upon two certain promissory notes, given in payment for goods sold and delivered, which were due and unpaid, and were still in possession of plaintiff; that certain of their creditors had executed an agreement of composition, by which said creditors agreed to take in satisfaction of their debt the debtors' notes for one third of the amounts due to them respectively, said notes to be indorsed by defendant Michael Kuntz; that such notes were accordingly executed, indorsed and delivered to plaintiff as one of said creditors; that before plaintiff signed said composition agreement, defendant Michael Kuntz signed and delivered to plaintiff another covenant or agreement, by which said Michael Kuntz agreed to purchase from plaintiff such composition notes, and to pay plaintiff therefor in installments a certain sum of money much greater than the face of the notes, and that after the time fixed for the payment of the first such installment, plaintiff tendered such composition notes to defendant Michael Kuntz, and demanded payment of such first installment, but that said Michael Kuntz declined to pay said installment, and declined to perform said covenant made by him, alleging it to be null and void; that several signers of the composition agreement were induced to sign and did sign that agreement under an agreement and promise on the part of said Michael Kuntz to pay them a larger percentage than one third of their debts, and for other inducements and advantages than were expressed in said agreement, and that Joseph and Louis F. Kuntz had knowledge thereof, and that defendants conspired together to procure plaintiff's signature

and that of others to said agreement fraudulently, and by stipulating to pay certain parties thereto a larger percentage than was provided in the said agreement, and that such agreements and stipulations were fraudulently concealed from plaintiff, and thereby the signature of plaintiff was fraudulently procured to be signed thereto, and that said composition agreement was null and void and of no binding force upon plaintiff; and plaintiff offered to bring into court for cancellation the composition notes, upon which no payment had been paid to him, and the covenant or agreement of Michael Kuntz; and, alleging that he was without an adequate remedy at law in the premises, he asked judgment that the court should set aside and vacate said composition agreement and decree that it be delivered up for cancellation; that the court should decide upon the status and condition of the notes given under the composition agreement to plaintiff and order them to be delivered up for cancellation as being illegal and void; that the court should decide upon the status and condition of the covenant and agreement of Michael Kuntz given to plaintiff, and should order it to be delivered up for cancellation as being illegal and void; that judgment should be rendered against Joseph and Louis F. Kuntz for the amount of the two original notes held by plaintiff; and that any other relief should be rendered which the court might deem consistent with equity and good conscience, and to which the plaintiff might be entitled on the facts of the case.

To this amended complaint defendants also demurred, upon the grounds that the complaint did not state facts sufficient to constitute a cause of action, and that causes of action were improperly united in it. At the hearing of the demurrer at Special Term the following opinion was rendered.

VAN HOESEN, J.—What facts does the complaint contain that constitute a cause of action against Michael Kuntz?

The complaint does not ask for any relief against him of

any kind. It simply alleges that Michael Kuntz covenanted and agreed to buy certain notes from the plaintiff, and to pay him a certain sum therefor, and that Michael Kuntz has refused to perform such covenant, insisting that it is unlawful. If the plaintiff claimed damages for the breach of the covenant, of course a cause of action would be set out; but he makes no demand for damages. On the contrary, he asks that the court will compel him to deliver the covenant up for cancellation. He does not even ask that Michael Kuntz be compelled to accept the covenant after the court has adjudged that it should be surrendered. This statement of the contents of the complaint shows that Michael Kuntz ought not to have been made a party to this action, and that there was not a cause of action against him.

But is he interested in the subject of the action? Has he a right or an interest that must be disposed of, in order that the way may be made clear for the recovery by the plaintiff of the claim that is the subject of the action?

What is the plaintiff's claim? It is upon two notes that were executed by Joseph and Louis F. Kuntz. What interest in those notes, or what liability upon them, belongs to Michael Kuntz? None whatever. Why then should he be made a party to an action in which the right to recover upon those notes is the only matter to be tried?

As the complaint does not contain a cause of action against Michael Kuntz, the demurrer that two causes of action are improperly united must be overruled. In the days of Equity Pleading, a bill was not multifarious because it contained one good cause of action and a radically insufficient statement of another cause of action.

In order to make a bill multifarious, it must contain two good causes of action that cannot be united (*Varick* v. *Smith*, 5 Paige 137). The rule is the same in our present system of pleading.

As the demurrer has not been handed to me, I do not know who interposed the demurrer on the ground that the complaint did not state facts sufficient to constitute a cause of action. If that demurrer were filed by Michael Kuntz

separately, it must be sustained, for he is clearly entitled to judgment dismissing the action as to him.    But Joseph Kuntz cannot demur because a good cause of action against Michael Kuntz is not set out.    If Michael were unnecessarily made a party, Joseph's remedy is not a demurrer. Now, with respect to the cause of action on the two notes that are really the subject of the action.    The complaint alleges that Joseph and Louis F. Kuntz delivered to the plaintiff two notes, which he still holds, and which have never been paid.    It is also alleged that those notes were given for goods sold and delivered by the plaintiff to Joseph and Louis F. Kuntz.    Upon these allegations there could be no doubt of the plaintiff's right to judgment.    But the effect of those averments is changed by other allegations in the complaint.    It is alleged that Joseph and Louis F. Kuntz failed before those notes were paid, that they made an assignment to Michael, their father, that they offered to pay thirty-three and a third per cent of their indebtedness, giving therefor their own notes, indorsed by their father, and that the plaintiff joined with other creditors of said Joseph and Louis in executing a composition agreement whereby they all bound themselves to accept thirty-three and one third per cent of their several claims in full settlement and discharge of their demands against said Joseph and Louis, and to release and surrender to the said Joseph and Louis the notes and evidences of debt that they (the said creditors) held, upon the delivery to them of other notes, indorsed by said Michael Kuntz, for said thirty-three and one third per cent; that in pursuance of said composition agreement, notes for thirty-three and one third per cent, indorsed by said Michael, were delivered to the plaintiff; that the plaintiff was induced to sign and enter into the composition agreement by means of a conspiracy to which Michael, Joseph and Louis were parties; that such conspiracy was that said Michael should propose to the creditors secretly, and to each one separately, as an inducement to sign said composition agreement, that he should pay a larger amount than said thirty-three and one third

per cent; and that, in the execution of said conspiracy, the said Michael offered to the plaintiff to buy the said composition notes, and to pay therefor a sum greatly in excess of the face of said notes; that an agreement or covenant to buy and pay a large sum for said notes as might be given to the plaintiff under the composition agreement was signed by said Michael, and delivered to the plaintiff before the plaintiff executed the composition agreement; that Michael concealed from the plaintiff that he had made similar covenants with the other creditors as an inducement to them to sign the said composition agreement; and that said Michael afterwards refused to perform his agreement to buy said composition notes from the plaintiff on the ground that his covenant to do so was in violation of the law.

Throwing aside the composition notes, and the covenant of said Michael, the plaintiff now asks that he may be allowed to recover upon the original notes that were given to him when he sold the malt.

There are several propositions that need no argument to support them.   The first is, that the right of the plaintiff to recover upon the original notes was lost when he accepted the composition notes, and signed the composition agreement.

The second is that the plaintiff lost his right to recover on the composition notes, when he entered into the secret agreement with Michael Kuntz, the intent of which was to secure to him a larger proportion than the thirty-three and one third per cent that he as well as the other creditors agreed to receive in satisfaction of their respective claims (*Mallalieu* v. *Hodgson*, Eng. L. R. 16 Q. B. 347).

The third is that no action could ever have been maintained upon the secret agreement with Michael.   The right of the plaintiff to recover at all is, therefore, utterly gone, unless he can undo all that passed in relation to the composition agreement and all that passed in relation to the secret agreement.

The question, therefore, is: Is the plaintiff now in a

White v. Kuntz.

situation to disavow the composition, and the agreement with Michael?

Unfortunately for the plaintiff, he did not attempt to rescind the unlawful agreement until he found that he could not enforce it. He waited until one of the composition notes had fallen due, and then he presented it to Michael Kuntz, and asked him to buy it, as the secret covenant provides that Michael should do.

Before he brought this action he did not offer to give up the composition notes, or the secret agreement, but in the complaint he invites the court to determine whether or not they are enforceable. It is true that he asks that they be cancelled, but he himself has taken no step for the return of them to the makers.

Whilst a contract remains executory, either party may disavow it, on the ground that it is contrary to public policy, or contrary to some statute; and this is so, though both parties be *in pari delicto*. But the right to rescind is lost if the party waits until the time for the performance of the contract has arrived, and then attempts to carry it into execution.

Repentance that is not manifested by one party till the other party has refused to carry out the unlawful agreement is not treated with favor by the courts (*Taylor* v. *Bowers*, Eng. L. R. 1 Q. B. D. 300; Chitty on Contracts, 11th Am. ed. 944; *Knowlton* v. *Congress &c. Spring Co.*, 57 N. Y. 518).

The demurrer on the ground that the complaint does not state facts sufficient to constitute a cause of action is sustained.

If the plaintiff wishes leave to amend, he may have it on the payment of the usual costs.

Upon this decision, an interlocutory judgment was entered sustaining the demurrer and dismissing the amended complaint, with leave to plaintiff to amend. From this judgment plaintiff again appealed to the General Term.

*William Barnes*, for appellant.

*Blumenstiel & Hirsch*, for respondent.

ALLEN, J.—We think that the interlocutory judgment on the demurrer should be affirmed for the reasons given by the judge at Special Term. Judgment affirmed, with costs.

As the question is an important one we are willing that the application heretofore made to go to the Court of Appeals should be granted.

CHARLES P. DALY, Ch. J., concurred.

Judgment affirmed, with costs.